UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AUSTIN LAZAR,

        Plaintiff,

v.

DON BOURBON, SHELBY WILCOX, PIERCE COUNTY SHERIFF'S DEPT., BOOKING DEPT,

        Defendants.

CASE NO. 3:18-CV-05175-RBL-DWC

ORDER

Plaintiff Austin Lazar, proceeding *pro se* and *in forma pauperis*, initiated this civil rights Complaint pursuant to 42 U.S.C. § 1983. *See* Dkt. 1. Currently before the Court are Plaintiff's Motion to Compel Discovery ("Motion to Compel") and Motion to Appoint Attorneys on Contingency Fee Basis From the Court ("Motion for Counsel") and Defendant Pierce County's Response to Plaintiff's Motion to Compel Discovery and Cross-Motion to Stay Discovery ("Motion to Stay"). Dkt. 22, 24, 25.[1] After consideration of the record and the Motions, the Motion to Compel (Dkt. 22), the Motion for Counsel (Dkt. 24), and the Motion to Stay (Dkt. 25) are denied.

---

[1] Also pending in this action are Defendant Pierce County's Motion to Dismiss, Defendants Don Bourbon and Shelby Wilcox's Motion to Dismiss, and Plaintiff's Motion to Stay Civil Proceedings. Dkt. 26, 28, 32. The Motions to Dismiss are ready for the Court's consideration on September 7, 2018 and the Motion to Stay Civil Proceedings is ready for the Court's consideration on September 14, 2018.

ORDER - 1

## I. Motion to Compel (Dkt. 22)

On July 26, 2018, Plaintiff filed the Motion to Compel, wherein Plaintiff requests the production of documents. Dkt. 22. After review of the Motion to Compel, the Court concludes Plaintiff is not attempting to compel discovery; rather, Plaintiff is attempting to serve discovery requests on Defendants.

Under Federal Rule of Civil Procedure 34(a)(1), "[a] party may serve on any other party a request . . . to produce[.]" Plaintiff may not serve discovery requests through the Court. *See* Local Civil Rule ("LCR") 5 ("discovery requests and responses must not be filed until they are used in the proceedings or the court orders filing"). Plaintiff must mail discovery requests to Defendants' counsel. Further, to the extent Plaintiff is seeking a Court-order compelling Defendants to provide discovery responses, he has failed to comply with Local and Federal Rules. Plaintiff failed to certify he conferred or attempted to confer with Defendants' counsel regarding the discovery dispute. *See* Dkt. 22; Fed. R. Civ. P. 37(a)(1); LCR 37(a)(1).

Accordingly, Plaintiff's Motion to Compel (Dkt. 22) is denied.

## II. Motion for Counsel (Dkt. 24)

On August 3, 2018, Plaintiff filed the Motion for Counsel, requesting Court-appointed counsel and co-counsel. Dkt. 24. No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances

exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

In the Motion for Counsel, Plaintiff states he needs appointed counsel because he is incarcerated, he lacks access to necessary public records and sensitive information, his case requires an expert, and attorneys are better equipped to litigate his case. Dkt. 24. Plaintiff has not shown, nor does the Court find, this case involves complex facts or law. Plaintiff has also not shown an inability to articulate the factual basis of his claims in a fashion understandable to the Court, nor has he shown he is likely to succeed on the merits of this case. Additionally, "Plaintiff's incarceration and limited access to legal materials are not exceptional factors constituting exceptional circumstances that warrant the appointment of counsel. Rather, they are the type of difficulties encountered by many *pro se* litigants." *Dancer v. Jeske*, 2009 WL 1110432, *1 (W.D. Wash. Apr. 24, 2009). As such, the Court finds Plaintiff has failed to show the appointment of counsel is appropriate at this time. Therefore, Plaintiff's Motion for Counsel (Dkt. 24) is denied without prejudice.

**III. Motion to Stay (Dkt. 25)**

On August 7, 2018, Defendant Pierce County filed the Motion to Stay, requesting the Court stay all discovery in this matter pending resolution of its pending Motion to Dismiss. Dkt. 25. The Court has broad discretionary powers to control discovery. *Little v. City of Seattle*, 863

1 F.2d 681, 685 (9th Cir. 1988). A court may relieve a party of the burdens of discovery while a

2 dispositive motion is pending. *DiMartini v. Ferrin*, 889 F.2d 922 (9th Cir. 1989), *amended at*

3 906 F.2d 465 (9th Cir. 1990) *Rae v. Union Bank*, 725 F.2d 478 (9th Cir. 1984); *see also*

4 *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013)

5 (permitting a stay of discovery where a pending dispositive motion is (1) "potentially dispositive

6 of the entire case or at least dispositive of the issue on which discovery is sought" and (2) can be

7 decided without additional discovery).

8 Here, Defendant Pierce County has moved to dismiss the claims alleged against it under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff has failed to state a claim upon which relief can be granted. *See* Dkt. 26. Defendant Pierce County also asserts Plaintiff failed to exhaust his administrative remedies. *See id*. While Defendant Pierce County did not attach grievances to the Motion to Dismiss, Plaintiff may need to conduct discovery to respond to Defendant Pierce County's assertion that he failed to exhaust the administrative remedies available to him. Therefore, the Court finds Defendant Pierce County has not shown a stay of discovery is warranted at this time. Accordingly, the Motion to Stay (Dkt. 25) is denied without prejudice.

**IV. Conclusion**

For the above stated reasons, the Motion to Compel (Dkt. 22), the Motion for Counsel (Dkt. 24), and the Motion to Stay (Dkt. 25) are denied.

Dated this 29th day of August, 2018.

David W. Christel
United States Magistrate Judge