UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AUSTIN LAZAR,

        Plaintiff,

v.

DON BOURBON, SHELBY WILCOX, PIERCE COUNTY SHERIFF'S DEPT., BOOKING DEPT,

        Defendants.

CASE NO. 3:18-CV-05175-RBL-DWC

ORDER

Plaintiff Austin Lazar, proceeding *pro se* and *in forma pauperis*, initiated this civil rights Complaint pursuant to 42 U.S.C. § 1983. *See* Dkt. 1. Currently before the Court are Plaintiff's Motion to Seal Response ("Motion to Seal") (Dkt. 38) and "Motion to Stay Civil Proceedings until the Termination of Plaintiff's Criminal Proceedings" ("Motion to Stay") (Dkt. 32).[1]

After consideration of the record, the Motion to Seal (Dkt. 38) and Motion to Stay (Dkt. 32) are denied. However, in light of the information provided in the Motion to Stay, the Court grants an extension of time to allow Plaintiff to file a supplemental response to the two pending Motions to Dismiss (Dkts. 26, 28).

---

[1] The Court also notes Plaintiff filed an untimely Response to Defendant Pierce County's Cross-Motion to Stay Discovery. *See* Dkt. 34. The Court has reviewed Plaintiff's untimely Response, and has determined it does not change the Order previously entered by the Court. See Dkt. 33.

ORDER - 1

## I. Motion to Seal (Dkt. 38)

On August 7, 2018, Defendant Pierce County Sheriff's Department filed a Motion to Dismiss. Dkt. 26. On August 16, 2018, Defendants Don Bourbon and Shelby Wilcox filed a Motion to Dismiss. Dkt. 28. Both Motions to Dismiss became ready for the Court's consideration on September 7, 2018.

Plaintiff filed a single Response to both Motions to Dismiss on September 7, 2018, and attached redacted police reports and other documents. *See* Dkt. 39. Plaintiff filed the Motion to Seal that same day, requesting the Court consider the Response and attached documents "as confidential." Dkt. 38. Defendant Pierce County Sheriff's Department filed a timely Response to the Motion to Seal, arguing the Court should deny it because Plaintiff did not comply with the requirements of Local Civil Rule 5(g). Dkt. 40. Defendants Bourbon and Wilcox filed an untimely Response on September 26, 2018, joining in Defendant Pierce County Sheriff's Department Response.[2] Dkt. 41; *see also* Local Civil Rule 7(d)(7).

The Court will not maintain documents under seal simply because parties have designated it confidential. Rather, there is "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003); *see also* Local Civil Rule 5(g). Parties who seek to maintain the secrecy of documents related or attached to dispositive motions "must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (citing *Foltz*, 331 F.3d at 1136); *see also E. & J. Gallo Winery v. Instituut Voor Landbouw- En Visserijonderzoek*, 2018 WL 4090585, at *1-2 (E.D. Cal. Aug. 27, 2018) (applying the

---

[2] In their Response, Defendants Bourbon and Wilcox request the Court strike Plaintiff's Response to Defendants' Motions to Dismiss for being untimely. Dkt. 41, p.1. Given that the Court is giving each party additional time to respond to the Motions to Dismiss, the Court denies Defendants' request to strike.

"compelling reasons" standard to a dispositive motion). Those compelling reasons must outweigh the competing interests of the public in having access to the judicial records and understanding the judicial process. *Kamakana*, 447 F.3d at 1178-79. "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* at 1179 (citation omitted).

A party wishing to file materials under seal is subject to the requirements of Local Civil Rule 5(g), which similarly establishes a "strong presumption of public access to the court's files." A party seeking to seal a document must file a motion which includes:

> (A) **a certification that the party has met and conferred** with all other parties in an attempt to reach agreement on the need to file the document under seal, to minimize the amount of material filed under seal, and to explore redaction and other alternatives to filing under seal; this certification must list the date, manner, and participants of the conference; [and]
>
> (B) **a specific statement of the applicable legal standard and the reasons for keeping a document under seal**, including an explanation of:
> i. the legitimate private or public interests that warrant the relief sought;
> ii. the injury that will result if the relief sought is not granted; and
> iii. why a less restrictive alternative to the relief sought is not sufficient

Local Civil Rule 5(g)(3).

In this case, Plaintiff requests his Response and the attached documents be filed under seal because they contain information that is "sensitive" to his pending criminal case in superior court. Dkt. 38. However, Plaintiff failed to explain why the Response or attached documents are sensitive. *See id.* As such, Plaintiff failed to meet his burden of showing "compelling reasons" exist to keep the documents under seal. *Kamakana*, 447 F.3d at 1182 (rejecting efforts to seal documents under the "compelling reasons" standard based on "conclusory statements" that the documents are confidential and their disclosure would be harmful to the movant). Plaintiff

likewise failed to satisfy the requirements of Local Civil Rule 5(g)(3)(B), as he did not provide a "specific statement" of the applicable legal standard or the reasons for keeping the Response and attached documents under seal. Moreover, Plaintiff did not file a certification that he met and conferred with all Defendants regarding the documents he wishes to keep under seal. *See* Local Civil Rule 5(g)(3)(A).

In sum, Plaintiff failed to show "compelling reasons" for keeping the Response and attached documents under seal, and further failed to comply with Local Civil Rule 5(g). The Court therefore denies Plaintiff's Motion to Seal (Dkt. 38).

**II.     Motion to Stay (Dkt. 32)**

On August 20, 2018, Plaintiff signed – effectively filing – the Motion to Stay. Dkt. 32. On September 7, 2018, Pierce County Sheriff's Office, Bourbon, and Wilcox filed responses opposing the Motion to Stay. Dkts. 35, 37.

"A district court has discretionary power to stay proceedings in its own court under *Landis v. North American Co.*" *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). "The power to stay a case is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Halliwell v. A-T Sols.*, 2014 WL 4472724, at *7 (S.D. Cal. Sept. 10, 2014) (quoting *Landis*, 299 U.S. at 254).

To determine if a stay is appropriate, the Court should weigh the "competing interests which will be effected by the granting or refusal to grant a stay," including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to

result from a stay." *See Lockyer*, 398 F.3d at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

Here, Plaintiff requested the Court stay this case because he expected to be in trial for his criminal case for most of September 2018. Dkt. 32. In its Response, Defendant Pierce County Sheriff's Department likewise asserted Plaintiff would be in a trial for two-to-three weeks in September 2018, but contends "there is no reason" this action should be stayed pending the resolution of Plaintiff's criminal matter. Dkt. 35.

The record therefore indicates Plaintiff's criminal trial will be completed by the beginning of October. *See* Dkts. 32, 35. As the record indicates Plaintiff's trial is nearly complete, Plaintiff has not shown he will suffer hardships or inequities if this case proceeds. Thus, Plaintiff has not shown a stay is appropriate at this time, and the Court therefore denies the Motion to Stay (Dkt. 32). However, in light of the information in the Motion to Stay, the Court finds it is appropriate to grant Plaintiff additional time to file a supplemental response.

Hence, Plaintiff may file a supplemental response to the Motions to Dismiss by Friday, November 2, 2018. Defendants may file any supplemental reply to the Motions to Dismiss by Friday, November 9, 2018.

### III. Conclusion

For the above stated reasons, the Court denies the Motion to Seal (Dkt. 38) and denies the Motion to Stay (Dkt. 32). The Clerk is directed to unseal Plaintiff's Response (Dkt. 39), and re-note both Motions to Dismiss (Dkts. 26, 28) for the Court's consideration on November 9, 2018.

Dated this 1st day of October, 2018.

David W. Christel
United States Magistrate Judge