UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AUSTIN LAZAR,

            Plaintiff,

   v.

DON BOURBON, SHELBY WILCOX, PIERCE COUNTY SHERIFF'S DEPT.,

            Defendants.

CASE NO. 3:18-CV-05175-RBL-DWC

REPORT AND RECOMMENDATION

Noting date: January 4, 2019

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Plaintiff Austin Lazar, proceeding *pro se* and *in forma pauperis*, filed a civil rights Amended Complaint on June 13, 2018.[1] Dkt. 10. Presently pending before the Court is Defendant Pierce County Sheriff's Department's 12(b)(6) Motion to Dismiss ("Sheriff's Department's Motion"), Dkt. 26, and Defendants Don Bourbon and Shelby Wilcox's Rule 12 Motion to Dismiss ("Officers' Motion"), Dkt. 28.

---

[1] Plaintiff initiated this action on March 6, 2018. Dkt. 1. On June 1, 2018, Plaintiff filed a proposed Amended Complaint, and the Court ordered service of the Amended Complaint on June 13, 2018. Dkts. 8, 11. The Amended Complaint was filed on June 13, 2018, Dkt. 10, and is a complete substitute for the original Complaint. *See* Dkt. 3, p. 3.

REPORT AND RECOMMENDATION - 1

The Court concludes Plaintiff has failed to state a claim for relief in his Amended Complaint. Accordingly, the Court recommends the Sheriff's Department's Motion and the Officers' Motion be granted and Plaintiff's Amended Complaint be dismissed without prejudice.

## BACKGROUND

Plaintiff filed his Amended Complaint while he was a pretrial detainee at the Pierce County Jail ("the Jail").[2] *See* Dkt. 10, p. 2. He alleges his Fourth Amendment rights were violated by (1) Detective Don Bourbon falsifying and manipulating Plaintiff's statement, and (2) Detective Shelby Wilcox using materially false statements to obtain a search warrant. *Id.* at p. 3.

Plaintiff also alleges the Sheriff's Department violated his rights by failing to provide him with information about its policies and customs regarding immigration detainees, placing an immigration hold on him, and blackmailing him by threatening to call immigration officers if Plaintiff posted bail.[3] *Id.* Plaintiff requests the Court grant him monetary relief, impose fines and sanctions, and order the Jail to change its immigration policies. *Id.* at p. 4.

The Sheriff's Department filed a Motion to Dismiss on August 7, 2018. Dkt. 26. Detectives Bourbon and Wilcox filed a Motion to Dismiss on August 16, 2018. Dkt. 28. Plaintiff responded to both Motions to Dismiss on September 7, 2018. Dkt. 39.

## STANDARD OF REVIEW

A motion to dismiss can be granted only if Plaintiff's Amended Complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

---

[2] Plaintiff was transferred from the Jail to the Northwest Detention Center after he was acquitted of all charges on November 9, 2018. Dkt. 44, p. 2; Dkts. 46, 47.

[3] Plaintiff makes these allegations against the Jail but names the Sheriff's Department as a Defendant. *See* Dkt. 10. Accordingly, the Court will construe these allegations as against the Sheriff's Department.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted). However, the pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

While the Court must accept all the allegations contained in a complaint as true, the Court does not have to accept a "legal conclusion couched as a factual allegation." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *Jones v. Cmty. Dev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state § 1983 claims); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). While the Court is to construe a complaint liberally, such construction "may not supply essential elements of the claim that were not initially pled." *Pena*, 976 F.2d at 471.

## DISCUSSION

Plaintiff alleges Defendants Bourbon and Wilcox violated his Fourth Amendment rights before his arrest and the Sheriff's Department violated his constitutional rights after his arrest. Dkt. 10, p. 3.

REPORT AND RECOMMENDATION - 3

**I.   Officers' Motion to Dismiss**

In his Amended Complaint, Plaintiff alleges Defendants Bourbon and Wilcox violated his Fourth Amendment rights. Dkt. 10, p. 3. Defendants Bourbon and Wilcox argue Plaintiff has failed to allege facts that state a claim for relief.[4] Dkt. 28, pp. 1-6.

**A.  Defendant Bourbon**

Plaintiff alleges Defendant Bourbon violated his rights by "falsifying and manipulating [Plaintiff's] statement." Dkt. 10, p. 3. However, Plaintiff does not clarify which statement Plaintiff made that Defendant Bourbon falsified or manipulated, or what Defendant Bourbon did that constituted falsification or manipulation. Thus, Plaintiff has not given Defendant Bourbon "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted). Because Plaintiff has not satisfied Rule 8's pleading standard, his claim against Defendant Bourbon fails.

Additionally, in his Response Brief, Plaintiff alleges for the first time that Defendant Bourbon violated Plaintiff's Fifth Amendment rights. Dkt. 39, p. 1. "In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 (9th Cir. 1998). Thus, the Court need not address the Fifth Amendment allegations. In any case, the Court notes Plaintiff's Fifth Amendment argument lacks specific factual allegations and would therefore also fail to satisfy the pleading standard.

---

[4] Defendants Bourbon and Wilcox also argue they are entitled to qualified immunity. Dkt. 28, pp. 6-8. Because the Court determines Plaintiff has failed to state a claim for relief as to Defendants Bourbon and Wilcox, the Court declines to address the qualified immunity arguments.

**B. Defendant Wilcox**

Plaintiff alleges Defendant Wilcox obtained a search warrant through material false statements. Dkt. 10, p. 3. Plaintiff alleges Defendant Wilcox stated in her warrant affidavit that "she had obtained a DNA profile when it is clearly shown in the discovery that there was no prior profile identified." *Id.*

To state a claim based on an officer's false statements in a warrant affidavit, a plaintiff in a § 1983 case must allege the officer "'made deliberately false statements or recklessly disregarded the truth in the affidavit' and that the falsifications were 'material' to the finding of probable cause." *Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1126 (9th Cir. 2002) (quoting *Hervey v. Estes*, 65 F.3d 784, 790 (9th Cir. 1995)).

Here, Plaintiff has not alleged Defendant Wilcox deliberately made a false statement or recklessly disregarded the truth about the existence of a DNA profile. Plaintiff also has not made more than conclusory allegations that Defendant Wilcox's statements were material to the finding of probable cause. Because Plaintiff has not alleged the elements of a Fourth Amendment claim for false statements in a warrant affidavit, his claim against Defendant Wilcox fails.

**II.     The Sheriff's Department's Motion to Dismiss**

In his Amended Complaint, Plaintiff alleges the Sheriff's Department violated his rights by failing to provide him with information about its policies and customs regarding immigration detainees, putting an immigration hold on him, and blackmailing him by threatening to call immigration officers if Plaintiff posts bail. Dkt. 10, p. 3. The Sheriff's Department argues it is not an entity capable of being sued under § 1983.[5]

---

[5] The Sheriff's Department also argues Plaintiff has failed to allege a violation of his constitutional rights and has not exhausted his administrative remedies. Dkt. 26, pp. 6-13. Because the Court determines the Sheriff's

"In order to bring an appropriate action challenging the actions, policies or customs of a local governmental unit, a plaintiff must name the county or city itself as a party to the action, and not the particular municipal department or facility where the alleged violation occurred." *See Nolan v. Snohomish County*, 802 P.2d 792, 796 (Wash. Ct. App. 1990); *see also Bradford v. City of Seattle*, 557 F.Supp.2d 1189, 1207 (W.D. Wash. 2008) (holding that the Seattle Police Department is not a legal entity capable of being sued under § 1983).

Plaintiff named the Pierce County Sheriff's Department, which is not a "person" under Section 1983.[6] Plaintiff has not named Pierce County as a defendant or alleged facts against Pierce County showing it is liable. If Plaintiff seeks to sue Pierce County, he must allege facts sufficient to meet the required elements of a claim against a municipality and show Pierce County violated his constitutional rights. For example, if Plaintiff seeks to allege liability on the basis of a municipal policy or custom, he must:

> (1) identify a specific policy or custom; (2) demonstrate that the policy was sanctioned by the official or officials responsible for making policy in that area of the city's business; (3) demonstrate a constitutional deprivation; and (4) establish a causal connection between the custom or policy and the constitutional deprivation.

*City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988).

Although Plaintiff has alleged the Jail put an immigration hold on him when he was booked, he has not alleged Pierce County has a policy of placing unlawful immigration holds on pretrial detainees or demonstrated that such policy was sanctioned by Pierce County officials.

---

Department is not a legal entity that can be sued under § 1983, it is not necessary to address the Sheriff's Department's other arguments.

[6] Plaintiff also includes allegations against the Jail, which he has not named as a defendant. The Court notes the Jail is not a legal entity capable of being sued under § 1983. *McCloud v. Pierce Cty. Sheriff Dep't*, No. 316CV05098BHSDWC, 2016 WL 3675904, at *5 (W.D. Wash. June 6, 2016), *report and recommendation adopted*, No. C16-5098 BHS-DWC, 2016 WL 3618082 (W.D. Wash. July 6, 2016).

Because Plaintiff has made allegations against the Sheriff's Department, which cannot be sued under § 1983, his claim fails.

## CONCLUSION

Based on the foregoing, the Court concludes Plaintiff has failed to state a claim on which relief can be granted. Accordingly, the Court recommends the Sheriff's Department's Motion and the Officers' Motion be granted and the Sheriff's Department, Defendant Bourbon, and Defendant Wilcox be dismissed from this action. Because no other Defendants remain, the Court recommends the Amended Complaint be dismissed without prejudice and the case be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on January 4, 2019, as noted in the caption.

Dated this 14th day of December, 2018.

David W. Christel
United States Magistrate Judge